Pine Hill Coal Co. v. Harris & Co.

Case 58—PETITION—December 8.

# Pine Hill Coal Co. v. Harris & Co.

APPEAL FROM GARRARD CIRCUIT COURT.

A FINAL DISCHARGE IN BANKRUPTCY GRANTED AFTER A JUDGMENT WAS RENDERED against the bankrupt in the State court, operated as a discharge from all liability on the judgment, although the defendant's application to become a bankrupt was filed pending the suit in the State court, the defendant having defended the suit on its merits and failed to file the adjudication of bankruptcy and ask a stay of proceedings.

W. O. BRADLEY, RICHARDS & HINES FOR APPELLANT.

A defendant in an action pending in the State court petitioned for discharge in bankruptcy, but did not ask for stay of proceedings in State court. A judgment was rendered against him before his final discharge in bankruptcy. The discharge in bankruptcy did not bar the judgment. (Haggerty v. Amory, 7 Allen, 458; Walcott v. Hodge, 15 Gray, 574; Woodberry v. Perkins, 5 Cush., 86; Pike v. McDonald, 32 Me., 418; Holbrook v. Foss, 27 Me., 441; In Re Gallison, 5 Nat. Bank Reg., 353; Boynton v. Ball, 105 Ill., 627; Bowen v. Eichel, 91 Ind., 22; Cutter v. Evans, 11 Nat. Bank Reg., 451; Bradford v. Rice, 102 Mass., 472; Hill v. Harding, 107 U. S., 633; Dimack v. R. C. Co., 117 U. S., 566.)

WM. LINDSAY, J. D. BELDEN AND W. S. KNOTT FOR APPELLEE.

The failure of the debtor to plead in the State court the pendency of the bankrupt proceedings, and to ask for a stay of proceedings, did not take away his right to rely upon his subsequent discharge in bankruptcy as a bar. (Boynton v. Ball, Supreme Court U. S., April 27th, 1887.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

W. R. Dillon, on the twenty-fourth of March, 1875, commenced an action against C. Crooke & Co. and R. C. Harris & Co.—the latter firm was composed of the appellees, R. C. Harris and J. W. Corley—in which he sought to recover damages for a breach of contract.

The defendants to that action defended it on its merits. On the second day of October, 1877, judgment was rendered against the defendants for the sum of three thousand five hundred dollars. They immediately appealed to this court. On the fourth day of June, 1880, this court affirmed the judgment of the lower court. On September the 1st, 1876, the appellees, after said suit was filed against them, filed their petitions in the United States District Court, in which they sought to be adjudged bankrupts. They, notwithstanding they were declared bankrupts, continued to defend the action in the State court upon its merits, without asking for a stay of proceedings. On March the 6th, 1878, the appellee, Corley, was discharged in bankruptcy; on December the 20th, 1878, the appellee, Harris, was discharged in bankruptcy. It is to be observed that both of the appellees were discharged in bankruptcy after the judgment in the circuit court had been rendered against them.

C. Crooke & Co. sold to the appellants certain mining property, and in part consideration thereof the appellants agreed to assume C. Crooke & Co.'s liabilities, among which was the judgment rendered in the circuit court in favor of W. R. Dillon against C. Crooke & Co. and the appellees. The appellants did pay this judgment; they then instituted suit in the Garrard Circuit Court against the appellees for the purpose of recovering one-half of the judgment. To that action the appellees pleaded the foregoing facts as a discharge from all liability on said judgment. Upon a demurrer to their answer, the circuit court decided in their favor, and the case is here on appeal from that judgment.

The case of Boynton v. Ball, 121 U. S., 457, is, in every particular, similar to this case. That case decides every question raised by the appellants in this case against them. It is held in that case that the final discharge of the bankrupt having occurred after the judgment was rendered against him in the State court, although his application to become a bankrupt was filed after he was sued in the State court, and he defended that suit on its merits, and failed to file the adjudication of bankruptcy and ask a stay of proceedings, was a discharge from the payment of the judgment in the State court, upon the ground that the discharge being posterior to the judgment, it operated with the same force upon the judgment as it would have done upon the debt in its original form.

As the rights of the parties are controlled by the act of Congress, we are inclined to adopt the construction given the act by the Supreme Court of the United States.

Therefore, the judgment of the lower court is affirmed.